JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8623 MMM (MRWx) | Date | February 29, 2012 |
|---|---|---|---|

| Title | BAC Home Loans Servicing, LP v. Marchell Henry and Does I through X, Inclusive |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **Order Granting Plaintiff's Motion to Remand Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction[6]**

## I. FACTUAL BACKGROUND

Plaintiff BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP ("BAC") filed this unlawful detainer action in Los Angeles Superior Court against defendant Marchell Henry and certain fictitious defendants on April 25, 2011.[1] Henry allegedly is the former owner of real property located at 6036 South Croft Avenue, Los Angeles, California, 90056 ("the property").[2] On February 11, 2011, the property was purportedly sold to BAC at a foreclosure sale pursuant to a power of sale clause contained in a deed of trust executed by Henry in September 2005.[3] A trustee's deed upon sale reflecting the sale to BAC has been recorded in Los Angeles County.[4]

---

[1] Removal, Docket No. 1 (Oct. 18, 2011), Exh. A ("Complaint") at 1.

[2] *Id.*, ¶¶ 1, 5.

[3] *Id.*, ¶¶ 5, 6; Motion to Remand ("Motion"), Docket No. 6 (Dec. 13, 2011), Attachment 1 (Memorandum of Points and Authorities ("P&A")) at 2.

[4] *Id.*, ¶ 7.

1

On March 17, 2011, BAC allegedly served a notice to quit on Henry requiring him to vacate the property within three days, and requiring any tenant to vacate within thirty or ninety days.[5] The notice was purportedly served by mailing a copy to Henry and posting a copy on the premises.[6] BAC asserts that although more than three days have passed, Henry remains in possession of the property without its permission or consent.[7] BAC seeks possession of the property, damages in the amount of $149.72 per day (allegedly the reasonable daily rental value) for each day from March 22, 2011 to the date of judgment, and costs of suit.[8]

Henry removed the case on October 18, 2011, invoking federal question jurisdiction under 28 U.S.C. § 1331.[9] BAC filed a motion to remand the case to Los Angeles Superior Court on December 13, 2011, asserting that the case does not fall within diversity or federal question jurisdiction, and that the removal was untimely.[10] Henry has not opposed the motion.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled for March 5, 2012. For the reasons discussed below, BAC's motion to remand is granted.

## II.  DISCUSSION

### A.   Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

---

[5]*Id.*, ¶¶ 8, 9.

[6]*Id.*, ¶ 9.

[7]*Id.*, ¶¶ 10, 12.

[8]*Id.*, ¶¶ 11, 13, and 3, 4.

[9]Removal at 1.

[10]Motion at 1-3.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.  Defendant's Failure to File Timely Opposition

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." CA CD L.R. 7-12. As noted, Henry failed to oppose plaintiff's motion by the deadline established in the Local Rules. Under Rule 7-12, the court could grant plaintiff's motion on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (stating, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the [c]ourt could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion"). Nonetheless, the court reviews the merits of the motion below.

### C.  Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)). It is clear from information in the record that the amount in controversy does not meet the jurisdictional threshold for diversity jurisdiction. BAC seeks damages of $149.72 a day from March 22, 2011 through the date of entry of judgment.[11] BAC also alleges

---

[11]Complaint, ¶ 13 and at 3.

3

that its damages do not exceed $10,000, and that it filed the action as a limited civil case.[12]  See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). Henry has made no effort to rebut these allegations, and the court consequently concludes that the exercise of jurisdiction over this action cannot be premised on diversity.  See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (in evaluating the amount in controversy, "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"); see also *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

### D.      Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint."  *Franchise Tax Bd.*, 463 U.S. at 9-10.  Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction.  *Caterpillar, Inc.*, 482 U.S. at 392.  Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims.  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief

---

[12]Complaint at 1, Civil Cover Sheet (attached to Complaint).

under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of BAC's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

In his notice of removal, Henry contends that the court has federal question jurisdiction because BAC's notice to vacate the property was defective, and thus failed to comply with the Protecting Tenants at Foreclosure Act (12 U.S.C. § 5220).[13] The fact that a federal statute may provide a defense, however, does not provide a basis for the court to exercise federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 14l; see also *Lapeen*, 2011 WL 2194117 at *5 (rejecting an unlawful detainer defendant's argument that alleged violation of the Protecting Tenants in Foreclosure Act presented a federal question).

E.   **Whether Removal Was Untimely**

---

[13]Removal, ¶ 8.

5

Under 28 U.S.C. § 1446, a defendant must remove an action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). See also *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("A notice of removal must be filed within thirty days of service of the plaintiff's complaint"); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

The complaint in this case was filed in Los Angeles Superior Court on April 25, 2011. Henry was served on May 23, 2011.[14] Henry removed the action on October 18, 2011, 148 days after service. Because procedural defects in removal are not jurisdictional, however, they may be waived. *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); see also *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 935 (9th Cir. 2006) (recognizing the thirty day limitation that § 1447(c) places on remand motions raising procedural defects). BAC did not raise this objection until filing a motion to remand on December 13, 2011; this was 56 days after Henry removed the case. Because BAC did not challenge removal on procedural grounds within thirty days of removal as required by § 1447(c), it waived the argument.

### III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, Henry failed to carry his burden of demonstrating that the court can exercise either diversity or federal question jurisdiction over this action. The clerk therefore is directed to remand the case to Los Angeles Superior Court forthwith.

---

[14] Motion, Exh. 2 (Declaration of Tami S. Crosby), ¶ 4.